# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| CAROL ANNE MARIE BRANKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| HOTEL ON THE CAY TIMESHARE ) | |
| ASSOCIATION and FREDERICK ) | |
| DANIELS, ) | |
| Defendants. ) | |
| ) | CIV. NO. 2003-0131 |
| and ) | |
| ) | CIV NO. 2003-150 |
| IN THE MATTER OF THE COMPLAINT ) | |
| HOTEL ON THE CAY TIMESHARE AS ) | |
| OWNER OF THE HOTC V FOR ) | (CONSOLIDATED CASES) |
| EXONERATION FROM OR LIMITATION ) | |
| OF LIABILITY ) | |
| ) | |
| _____) | |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER comes before the Court on the Magistrate Judge's Report and Recommendation regarding Hazelwood's Motion for Attorney Fees and Costs. For the following reasons, the Court modifies the Magistrate Judge's recommended disposition.

**I.   Background**

Carol Branker sued Hotel on the Cay Timeshare Association [hereinafter "HTCA"], Frederick Daniels and Marion Hazelwood in the Territorial Court of the Virgin Islands (now known as the Superior Court of the Virgin Islands) for causes of action relating to an injury she

allegedly received aboard a boat owned by the HTCA. She claimed that Daniels negligently operated the boat causing her injury. According to Branker, HTCA is liable for negligently entrusting Daniels and also has respondeat superior liability. Branker filed an incident report with HTCA and claimed that Hazelwood negligently inflicted emotional distress upon her by sharing that incident report with others and ridiculing her pain and suffering.

HTCA filed an action for limitation of liability under the exclusive admiralty jurisdiction of this Court. Defendants then removed Branker's Territorial Court action to his Court. Branker did not seek a remand.

Branker voluntarily dismissed her action against Hazelwood with prejudice. Hazelwood then moved for costs and attorney fees. The Court referred the motion to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge recommended the denial of costs and attorney fees.

Hazelwood has objected to the Report and Recommendation and continues to seek attorney fees pursuant to 5 V.I.C. § 541(b), and costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Branker contends that this Court lack subject matter jurisdiction over her claims against Hazelwood, and therefore, cannot assess either costs or fees. She argues that section 541(b) does not provide for an award of attorney fees in personal injury cases when the claim is non-frivolous. Finally, she argues that it would be inequitable to impose costs under Rule 54(d)(1) when she did not have forewarning that Hazelwood would seek costs, so that she could have considered such possibility in deciding whether to withdraw her voluntary dismissal.

**II.     Analysis**

   A.     Subject Matter Jurisdiction

Branker contends that removal was not proper in the first place. Branker has waived any objections to removal by not raising them within 30 days of the filing of the notice of removal, except those based on subject matter jurisdiction. See 28 U.S.C. § 1447(c).

This Court has subject jurisdiction under its admiralty jurisdiction over Branker's claims against HTCA and Daniels. See 28 U.S.C. § 1333(1). Hazelwood contends that the Court has supplemental jurisdiction over Branker's claim against Hazelwood because "they form part of the same case or controversy," having a common nucleus of operative fact. See 28 U.S.C. § 1367(a); see also Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800, 811 (2d Cir. 1971). ("[A] federal court has the power to hear a related state claim against a defendant not named in the federal claim regardless of whether the federal claim arises in the civil or admiralty jurisdiction.").

Branker's claim against Hazelwood is interrelated with her claims against HTCA and Daniels. If the factfinder were to conclude that Branker suffered serious obvious physical injury aboard that motor vessel, it would be more likely to find Hazelwood liable and to assess significant damages. If, on the other hand the factfinder were to conclude that Branker had suffered no obvious injury or a very slight injury aboard the motor vessel, and that Branker had concocted her personal injury claim in response to another dispute with HTCA, the factfinder would be more likely to find Hazelwood not liable or to award Branker only minimal damages. Thus, the claims share a common nucleus of operative fact. Therefore the Court has supplemental jurisdiction over Branker's claim against Hazelwood.

B.     Attorney Fees

Hazelwood concedes that negligent infliction of emotional distress constitutes a personal injury. Attorney fees are not available to the prevailing party under 5 V.I.C. § 541(b) unless the personal injury claim is frivolous. The Court finds that this case has not been sufficiently developed for it to find the count against Hazelwood to have been frivolous. Thus, the criteria for awarding attorney fees under 5 V.I.C. § 541(b) have not been met.

C.     Costs

The Third Circuit recognizes the majority rule that a defendant can be a prevailing party for the purposes of Rule 54(d)(1) when a plaintiff voluntarily dismisses an action without prejudice. In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 471 n.10 (3d Cir. 2000). Because a dismissal with prejudice affords even more relief than a dismissal without prejudice, if a dismissal without prejudice renders the defendant the prevailing party, so must a dismissal with prejudice. AeroTech, Inc. v. Estes, 110 F.3d 1523, 1527 (10th Cir. 1997).

Branker's position that if she had realized that costs might be awarded against her, she might not have voluntarily dismissed her claim against Branker is not well-founded. Branker is charged with knowledge of Rule 54(d)(1) of the Federal Rules of Procedure which provides for the award of costs to the prevailing party.

Because Hazelwood is the prevailing party, the Court has the discretion to award her costs. However, Hazelwood has yet to file a bill of costs as required by 28 U.S.C. § 1920.

**III     Conclusion**

After considering the Magistrate Judge's Report and Recommendation, the Court finds that, because Plaintiff Carol Branker's personal injury claim for negligent infliction of emotional distress against Defendant Marion Hazelwood has not been shown to be frivolous, attorney fees are not available under 5 V.I.C. § 541(b). Since Hazelwood is the prevailing party, however, given that Branker voluntarily dismissed her claim against Hazelwood with prejudice, Hazelwood may be awarded costs.

ENTER:

DATE:     July 24, 2009                    _____/s/_____
                                           RAYMOND L. FINCH
                                           SENIOR DISTRICT JUDGE